FILED

DEC 2 3 2013

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-30077-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ORDER REGARDING |
| | * | RESTITUTION |
| STANLEY BLAKE MORRISON, | * | |
| | * | |
| Defendant. | * | |

On October 28, 2013, this Court conducted a sentencing hearing during which it sentenced

Defendant Stanley Blake Morrison (Morrison) to 37 months in prison, 18 months thereafter of

supervised release, and the $100.00 special assessment. Doc. 53; Doc. 54. A paragraph of the

Presentence Investigation Report, to which neither party objected, noted that restitution "shall be

ordered . . . ." PSR ¶ 71. This Court left restitution open for a 60 day period, because the parties

disagreed on the amount of restitution and whether Indian Health Services was entitled to restitution

and because the parties desired additional time to make their arguments on those issues. Doc. 53; Doc.

54.

On October 29, 2013, Morrison filed a Notice of Appeal. Doc. 56. The Government

proceeded to file on November 13, 2013, its Brief Regarding the United States' Claim for Restitution,

Doc. 66, seeking restitution of $7,544.07 under the Mandatory Victim Restitution Act, 18 U.S.C. §

3663A.

On December 20, 2013, the parties filed a Joint Motion Regarding Restitution, Doc. 68,

wherein the parties stipulate and agree that restitution of $3,600.00 be ordered paid by Morrison to

Indian Health Service, Aberdeen Area Office, attn: Finance Department, 115 4th Ave SE, Room 39,

Aberdeen, SD, 57401. Both counsel for the Government and counsel for Morrison signed the Joint

Motion.

Generally, the filing of a Notice of Appeal deprives this Court of jurisdiction. However, with regard to an issue of restitution left open at sentencing, a district court does not lack jurisdiction even though an appeal is pending. United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002); see also United States v. McDougal, 368 F. App'x 648, 652 (11th Cir. 2010). "[T]he notice of appeal challenging [Morrison's] conviction '[does] not divest the district court of jurisdiction to clarify its restitution order as additional information [is] discovered.'" Vanhorn, 296 F.3d at 721 (quoting United States v. Allen, 247 F.3d 741, 794 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953 (2002)). Deciding the amount of restitution and the terms of payment thereof does not "present risks of duplicitive action" between this Court and the United States Court of Appeals for the Eighth Circuit. See United States v. Webber, No.CR.A.950012503CRW8, 1997 WL 61442, at *2 (W.D. Mo. Feb. 11, 1997) (citing Wilson v. O'Leary, 895 F.2d 378, 382 (7th Cir. 1990)). Therefore, it is hereby

ORDERED that the Government's request for restitution, Doc. 66, is granted in part and denied in part, and that the Joint Motion Regarding Restitution, Doc. 68, is granted. It is further

ORDERED that restitution of $3,600.00 shall be paid by Morrison to Indian Health Service, Aberdeen Area Office, attn: Finance Department, 115 4th Ave SE, Room 39, Aberdeen, SD, 57401; that due to Morrison's indigency and inability to pay interest, the interest requirement is waived; that Morrison shall make the restitution payments in monthly installments of $225.00, beginning 60 days after his discharge from prison; and that an Amended Judgment be prepared consistent with this order.

Dated December 23, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

2